**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

JAMIE SHAWN MCCALL,
#11962-11                                                                                                    PLAINTIFF

V.                                            4:11CV00745 DPM/JTR

COTI SANDERS, Aramark Supervisor; and
STEVE PINNINGTON, Aramark Supervisor,
Pulaski County Detention Center                                                            DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Jamie Shawn McCall, is a prisoner in the Pulaski County Detention Facility ("PCDF"). In this *pro se* § 1983 action, he alleges that Defendants violated

his constitutional rights. *See* docket entry #2. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.[1]

## II. Discussion

Plaintiff alleges that, on September 13, 2011, he chemically burned his arms while cleaning ovens in the PCDF. *See* docket entry #2. Accordingly to Plaintiff, Defendants Coti Sanders and Steve Pinnington, both of whom are employees of Aramark, [2] negligently mixed the chemical, failed to provide him with proper safety

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court is mindful that, when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

[2] A § 1983 action can only be filed against a "state actor" or a person acting under "the color of state law." *See* 42 U.S.C. § 1983; *Scheeler v. City of St. Cloud,*

gear and training, and did not warn him that of the potential dangers in using the chemical. *Id.*

It is well settled that a § 1983 action can only be brought for a violation of a federal statutory or constitutional right. *See Lund v. Hennepin County*, 427 F.3d 1123, 1125 (8th Cir. 2005); *Gatlin ex rel. Estate of Gatlin v. Green*, 362 F.3d 1089, 1093 (8th Cir. 2004). Plaintiff does not contend that Defendants violated a federal statutory or constitutional right. Instead, he alleges that Defendants were negligent, which is insufficient to sustain a § 1983 claim.[3] *See Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005); *Lund,* 427 F.3d at 1126 (8th Cir. 2005); *Walker v. Reed*, 104 F.3d 156, 157 (8th Cir. 1997).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. This case be DISMISSED, WITHOUT PREJUDICE, for failing to state

---

*Minn.,* 402 F.3d 826, 830 (8th Cir. 2005); *see also Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (explaining that: "Section 1983 secures most constitutional rights from infringement by governments, not private parties"). It is unclear whether Defendants, who appear to be employees of a private company that has contractually agreed to operate the food services at the PCDF, were state actors or acting under color of law. For screening purpose, the Court will presume that they were.

[3] This ruling does not prevent Plaintiff from filing a negligence claim against Defendants in *state court*.

a claim upon which relief may be granted.

2.The dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).

3.The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal would not bet taken in good faith.

Dated this 25th day of October, 2011.

_____
UNITED STATES MAGISTRATE JUDGE