# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 1 6 2011

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

JAMIE SHAWN MCCALL,
#11962-11                                                    **PLAINTIFF**

v.                          4:11-cv-745-DPM-JTR

COTI SANDERS, Aramark Supervisor;
and STEVE PINNINGTON, Aramark
Supervisor, Pulaski County Detention
Center                                                       **DEFENDANTS**

## ORDER

Jamie Shawn McCall, a prisoner in the Pulaski County Detention Facility, has filed: (1) a *pro se* § 1983 Complaint alleging that Defendants Coti Sanders and Steve Pinnington violated his constitutional rights; and (2) Objections to the United States Magistrate Judge's Recommended Disposition, which the Court initially construed as a Motion to Amend the Complaint.*

---

* On 25 October 2011, the United States Magistrate Judge issued a Recommended Disposition concluding that the allegations in McCall's Complaint constituted negligence, and not a violation of his federal constitutional or statutory rights. *Document No. 8.* Accordingly, the United States Magistrate Judge recommended that the case be dismissed, without prejudice, for failing to state a viable § 1983 claim. *Ibid.*

On 3 November 2011, McCall filed Objections to the Recommended

Because the issues in this case have not been joined, McCall has the right to file an Amended Complaint. FED. R. CIV. P. 15(a)(1) (providing that "a party may amend its pleadings once as a matter of course within . . . 21 days after service of a responsive pleading" or Rule 12 motion). While McCall has styled his pleading as "Objections," in substance, he is: (1) asserting new claims against Sanders and Pinnington; and (2) joining two new defendants, Pulaski County Deputies Henson and Gaines, against whom he is asserting new claims. Thus, the Court will construe McCall's Objections to the United States Magistrate Judge's Recommended Disposition as an Amended Complaint.

The Clerk is directed to file a copy of McCall's Objections as his Amended Complaint.

---

Disposition. *Document No. 10.* In the Objections, McCall asserted new allegations against Defendants Sanders and Pinnington, and raised new claims against Pulaski County Deputies Henson and Gaines, who were not named Defendants in the original Complaint. *Ibid.*

The Court: (1) construed Plaintiff's Objections as a Motion to Amend the Complaint; and (2) declined to adopt the Recommended Disposition based on the new allegations being raised by McCall in his Motion to Amend the Complaint. *Document No. 12.*

### I. Plaintiff's New Claims against Defendants Sanders and Pinnington

In his original Complaint, McCall alleged that he burned his arms with chemicals while cleaning ovens in the jail. *Document No. 2.* According to McCall, Sanders and Pinnington improperly mixed the chemicals, failed to provide him with proper safety gear, and did not warn him of the potential dangers in using the chemical. *Ibid.*

In his Amended Complaint, McCall now asserts that Sanders and Pinnington had actual knowledge of the dangers created by using the cleaning chemicals. *Document No. 10.* He further alleges that they knowingly failed to provide him with proper safety gear and deliberately misled him about the dangers of applying the chemicals without the protective equipment. *Ibid.*

The Court concludes that these allegations are sufficient — for screening purposes only — to state a viable Eighth Amendment claim against Defendants Sanders and Pinnington. *Ambrose v. Young,* 474 F.3d 1070, 1075 (8th Cir. 2007) (providing that the Eighth Amendment "forbids knowingly compelling an inmate to perform labor that is beyond the inmate's strength, dangerous to his or her life or health, or unduly painful"); *Sanchez v. Taggart,* 144 F.3d 1154,

-3-

1156 (8th Cir. 1998) (providing that a prisoner states an Eighth Amendment claim if, objectively, there was a substantial risk of harm, and subjectively, the prison officials were actually aware of, but disregarded, that substantial risk).

The Clerk is directed to prepare a summons for Pinnington and Sanders. The U.S. Marshal is directed to serve the summons, Complaint, Amended Complaint, and this Order on them without prepayment of fees and costs or security therefor.

## II. McCall's Claims against New Defendants Henson and Gaines

In his Amended Complaint, McCall makes the conclusory allegation that Defendants Henson and Gaines "were in charge of supervising" Defendants Sanders and Pinnington and other kitchen workers. *Document No. 10, at 1.*

In a § 1983 action, a supervisor may not be held vicariously liable for the constitutional violations of a subordinate on a respondeat superior theory. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1948 (2009); *Parrish v. Ball,* 594 F.3d 993, 1001 (8th Cir. 2010); *see also Keeper v. King,* 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to

-4-

support [§ 1983] liability"). Thus, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948.

McCall has not raised any allegations suggesting that Defendants Henson and Gaines knew:  (1) the potential dangers of using the cleaning chemicals that Defendants Sanders and Pinnington supplied to McCall; (2) what safety equipment should have been provided to McCall before he used those chemicals; or (3) that McCall allegedly was not being provided with the proper safety equipment.  Similarly, McCall has not otherwise alleged any facts suggesting that Defendants Henson and Gaines were personally involved in the alleged violations of his constitutional rights.

Because McCall has failed to state a viable claim against Defendants Henson and Gaines, they are  dismissed from this action, without prejudice. 28 U.S.C. § 1915A (requiring a court to screen a prisoner's complaint and to dismiss any portion thereof that fails to state a claim upon which relief may be granted).

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

-5-

So Ordered.

D.P. Marshall Jr.
United States District Judge

16 December 2011