# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

JAMIE SHAWN MCCALL,
ADC #610019                                                                                          PLAINTIFF

V.                                          4:11CV00745 DPM/JTR

COTI SANDERS, Aramark Supervisor; and
STEVE PENNINGTON, Aramark Supervisor                              DEFENDANTS

# ORDER

Plaintiff, Jamie Shawn McCall, has commenced this *pro se* § 1983 action alleging that, on September 13, 2011, he chemically burned his arms while cleaning ovens at the Pulaski County Detention Center ("PCDC"). *See* docket entry #2. According to Plaintiff, Defendants Sanders and Pennington, who were his supervisors at the PCDC kitchen, knowingly failed to provide him with the proper safety gear and deliberately misled him about the dangers of applying the chemicals without protective equipment.[1] There are several discovery Motions pending, which the Court will discuss separately.

## I. Plaintiff's Motion to Depose By Written Questions

---

[1] Defendants Sanders and Pennington work for Aramark, which is a private company, and not the PCDC.

Plaintiff has filed a Motion seeking permission to depose by written questions Mr. Anthony Banks, who is an Aramark employee that allegedly witnessed Plaintiff burn his arms.  *See* docket entry #45.

Plaintiff has not explained how he will pay the costs for taking the proposed deposition by written questions, or make the arrangements for taking such a deposition as specified in Fed. R. Civ. P. 28(a)(1) and 31(b).  It is well settled that *in forma pauperis* statute does not provide for the payment of costs associated with taking depositions.  *See* 28 U.S.C. § 1915(f); *Lewis v. Precision Optics, Inc.*, 612 F.2d 1074 (8th Cir. 1980).

Accordingly, Plaintiff's Motion is denied.  If this case survives the filing of any dispositive motions and proceeds to trial, the Court will allow Plaintiff to subpoena Mr. Banks and any other non-party witnesses whom Plaintiff can establish may offer relevant testimony.

## II.  Defendants' Motion to Compel and Plaintiff's Motion for a Protective Order

In April of 2012, Plaintiff refused to sign a Medical Authorization allowing Defendants to obtain *all* of his medical records from the PCDC.  *See* docket entry #40.  According to Plaintiff, he has been confined in the PCDC "numerous times over the past 18 years."  *See* docket entry #46 at 2.  Thus, his PCDC medical file is "literally three inches thick," and contains private health information about treatment he

received over the last eighteen years for a variety of irrelevant, unrelated, and potentially embarrassing medical and mental health problems. *Id.* Accordingly, Plaintiff asks the Court to issue a Protective Order authorizing Defendants to obtain *only* his PCDC medical records regarding the treatment he received for the September 13, 2011 injuries to his arms. *Id.*

In their Motion to Compel, Defendants argue that Plaintiff has put his medical condition in issue, and thus, they are entitled to *all* of his PCDC medical records. *See* docket entry #40.

Plaintiff's medical records may contain relevant information about a host of medical problems, conditions, or allergies that have a direct bearing on the alleged "chemical burns" he received while cleaning ovens at the PCDC. Accordingly, Defendants' Motion to Compel is granted, and Plaintiff's Motion for a Protective Order is denied. Plaintiff must, **within fourteen days of the entry of this Order**, sign and return the Medical Authorization forms to Defendants, which authorizes them to review all of his medical records from the PCDC. Plaintiff is advised that if he fails to timely and properly do so, this case may be dismissed, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v).

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion to Depose By Written Questions (docket entry #45) is DENIED.

2. Defendants' Motion to Compel (docket entry #40) is GRANTED.

3. Plaintiff's Motion for a Protective Order (docket entry #46) is DENIED.

Dated this 30th day of May, 2012.

_____
UNITED STATES MAGISTRATE JUDGE