**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

JAMIE SHAWN MCCALL,
ADC #610019                                                                                    PLAINTIFF

V.                                           4:11CV00745 DPM/JTR

COTI SANDERS, Aramark Supervisor; and
STEVE PENNINGTON, Aramark Supervisor,
Pulaski County Detention Center                                                  DEFENDANTS

### ORDER

Plaintiff, Jamie Shawn McCall, is a prisoner proceeding *pro se* in this § 1983 action. He has recently filed two discovery Motions, which the Court will address separately.

### I. Plaintiff's Second Motion to Compel

Plaintiff has filed a Second Motion to Compel stating that Defendants did not respond to his April 11, 2012 Interrogatories. *See* docket entry #44. Defendants explain that the Interrogatories were mailed to them on April 16, 2012, as evidenced by the postage mark on the envelope containing the Interrogatories. *See* docket entry #48, Ex. 1. Defendants then *timely* mailed their Answers to Plaintiff on May 18, 2012, which was 32 days after they were served on them. *See* Fed. R. Civ. P. 33(b)(2) (providing that a party must serve their answers to interrogatories "within 30

days after being served with the interrogatories"); Fed. R. Civ. P. 6(d) (providing that a party has 3 additional days if service is made by mail). Thus, Plaintiff's Second Motion to Compel is denied.

## II. Plaintiff's Notice to the Court

Plaintiff has filed a "Notice to the Court," which will be construed as a Motion for Sanctions. *See* docket entry #50. In that Motion, Plaintiff states that Defendants did not timely comply with the May 16, 2012 Order requiring them to produce certain documents. *See* docket entry #42.

Defendants mailed the documents to Plaintiff on May 25, 2012. *See* docket entry #50. Defendants believe that they acted timely because they had until May 30, 2012, which was 14 days from the entry of the May 16, 2012 Order, to send Plaintiff the documents.

The May 16, 2012 Order states that Defendants have "fourteen days" to provide Plaintiff with the documents, without specifying when the fourteen day period starts. *See* docket entry #42 at 4, 5, 6, and 7. The Order then concludes by stating that "Defendants must provide Plaintiff with the documents specified in this Order **on or before May 24, 2012."** *See* docket entry #42 at 8 (emphasis in the original).

The May 16, 2012 Order clearly is confusing as to when Defendants were to provide Plaintiff with the documents. While that fact alone would make Defendant's

production of the documents timely, Plaintiff has not demonstrated that he was harmed or prejudiced by the brief delay in receiving the documents. Thus, his Motion for Sanctions is denied.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Second Motion to Compel (docket entry #44) is DENIED.

2. Plaintiff's Notice to the Court (docket entry #49), which has been construed as a Motion for Sanctions, is DENIED.

Dated this <u>8th</u> day of June, 2012.

_____
UNITED STATES MAGISTRATE JUDGE